UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VAN WINGERDEN GREENHOUSES, INC., a Washington corporation<br><br>                    Plaintiff,<br><br>         v.<br><br>ALL TRANSPORTATION, LLC, a Virginia limited liability company,<br><br>                    Defendant. | CASE NO. 2:24-cv-00023-MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES |
| VAN WINGERDEN GREENHOUSES, INC., a Washington corporation,<br><br>                    Third-Party Plaintiff,<br><br>         v.<br><br>ALL TRANSPORTATION, LLC, a Virginia limited liability company,<br><br>                    Third-Party Defendant. | |

1     This matter comes before the Court on Plaintiff's Motion to Compel Discovery Responses. (Dkt. No. 15.) Having reviewed the Motion, Defendant's Response (Dkt. No. 19), and all supporting materials, the Court DENIES the Motion.

    Under Federal Rule of Civil Procedure 37(a)(1), motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery. . . ." In this District, "a good faith effort to confer . . . requires a face-to-face meeting or a telephone conference." LCR 37(a)(1).

    As an initial matter, the Motion is improper because it does not include a Rule 37(a)(1) certification. Nor can it. Plaintiff's sole method of communication with Defendant regarding the discovery responses was limited to "multiple requests <u>in emails</u> between July 2 and 10, 2024. . . ." (Mot. at 2) (emphasis added.) Plaintiff did not attempt to meet with Defendant face-to-face or via telephone to discuss the outstanding discovery responses prior to filing the Motion. Nor does Plaintiff show that Defendant "willfully refused to confer," or "failed to confer in good faith." <u>See</u> LCR 37(a)(1). On this basis, the Court DENIES Plaintiff's Motion to Compel Discovery Responses.

    Defendant's Response notes that the outstanding discovery responses have now been served. (<u>See</u> Resp. at 5.) This—along with Plaintiff's choice not to file a reply in support of its own motion—indicates to the Court that the discovery dispute is now resolved. However, should the Parties find themselves engaged in a subsequent dispute regarding discovery, the Court urges them to utilize the court's Expedited Joint Motion Procedure for resolution. <u>See</u> LCR 37(a)(2).

//

//

//

The clerk is ordered to provide copies of this order to all counsel.

Dated August 22, 2024.

*[signature]*

Marsha J. Pechman
United States Senior District Judge